# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

        Appellant,

v.                                                    Appeal No. 22-4609

**RANDY PRICE,**

        Appellee.

### APPELLEE RANDY PRICE'S OPPOSITION
### TO EVERYTOWN FOR GUN SAFETY'S
### MOTION TO FILE AMICUS BRIEFING (Dkt. No. 20)

On December 15, 2022, the United States filed its opening brief appealing the district court's holding that 18 U.S.C. § 922(k) is unconstitutional under the Second Amendment, as interpreted by *New York State Rifle & Pistol Ass'n v. Bruen,* 142 S. Ct. 2111 (2022). *See* Dkt. No. 10. On December 22, 2022, NGOs "Brady" and "March for Our Lives" moved to file a joint *amicus curiae* brief in support of the United States. *See* Dkt. No. 15. That same date, the District of Columbia, twenty-one states, and one territory filed a separate amicus brief in support of the United States without seeking leave of the Court. *See* Fed. R. App. P. 29(a)(1). Separately, on both December 22 and 27, 2022, NGO "Everytown for Gun Safety" (associated with ActBlue Civics) similarly moved to file an amicus brief in support of the United States. *See* Dkt. Nos. 14 & 20. Per applicable Fourth Circuit rules, counsel for the moving amici contacted appellee's

counsel seeking consent for their respective filings, which appellee declined to give. This court subsequently entered orders requesting Price's further response to both motions. *See* Dkt. Nos. 21 & 22.

Both pending motions are predicated on Fed. R. App. P. 29(a)(2). Both express the amici's stated interests, why their briefings are purportedly desirable, and why the matters asserted are purportedly relevant to the disposition of Mr. Price's case.

The district court below made a straightforward application of the *Bruen* Second Amendment standard to 18 U.S.C. § 922(k). Relying on text and history, as required by *Bruen*, 142 S. Ct. at 2127 & 2138, the district court ruled that way it did. Subsequently, on appeal, the United States has addressed the defects it perceives the district court made in its ruling. This is the United States' water to carry under the *Bruen* standard of review. *See* 142 S. Ct. at 2126, 2131-32, 2139, 2141.

While this Court's review of the district court's ruling is obviously *de novo*, *Bruen* still noted - consistent with "the principle of party presentation" - that courts are "entitled to decide a case based on the historical record compiled by the parties." 142 S. Ct. at 2130, n.6. "Courts," in this context, would include this one. As a result, courts "are not obliged to sift the historical materials for evidence to sustain [a] statute. That is [the government's] burden." *Id.* at 2150. This is an important dynamic under *Bruen* to keep in mind.

The amici couch the desirability and relevance of their respective submissions on the seriousness of the interests implicated by firearm serialization, and the safety interests advanced by using it. The problem is, the societal quality and benefits of further interest balancing is not the issue before this Court under *Bruen*. What is before the Court is whether Mr. Price's conduct of possessing a firearm is protected by the Second Amendment's plain text, and then if so – whether there was a historical tradition in the United States at or around the time of the founding of regulating or prohibiting such citizen possession based on a given characteristic of the firearm – in this instance whether it did not bear manufacturer's serial number. The interest balancing at the front of the amici's purported desirability and relevance, therefore, has already been addressed through ratification of the Second Amendment itself. It is not to be rebalanced by any court post-*Bruen*, just because amici contend their interests are very important and laudable.

The is not a complicated case, in the sense it remains undisputed by the parties that firearm serialization did not begin in the United States until 1968. As a consequence, the parties – by virtue of the United States' appeal – are now having to litigate other contours of *Bruen* separate and apart from what the actual historical tradition is. Despite the amici's professed "expertise" in historical firearm regulation – the Court and the parties are capable of fully advocating and defining the relevant issues to be decided by the Court under *Bruen*. One of those issues, per *Bruen*, is still whether

the United States can carry its burden under that standard of review. 142 S. Ct. at 21 31-32. Therefore, Price maintains his objection to allowing outside interests to present argument in this case, and requests that the Court deny Everytown for Gun Safety's motion for leave to file an amicus brief in this case.

Date: January 6, 2023                    Respectfully submitted,

                                         **RANDY PRICE**
                                         By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

s/Jonathan D. Byrne
Jonathan D. Byrne
Appellate Counsel
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia   25301
E-mail: jonathan_byrne@fd.org

s/Lex A. Coleman
Lex Coleman
Senior Litigator, Assistant Federal Public Defender
Office of the Federal Public Defender
Room 3400, United States Courthouse
300 Virginia Street East
Charleston, West Virginia 25301
E-mail: lex_coleman@fd.org