# FEDERAL PUBLIC DEFENDER
### SOUTHERN DISTRICT OF WEST VIRGINIA

*Federal Public Defender*
**WESLEY P. PAGE**

*First Assistant Federal Public Defender*
**DAVID R. BUNGARD**

*Senior Litigator*
**LEX A. COLEMAN**

ROOM 3400, UNITED STATES COURTHOUSE
300 VIRGINIA STREET, EAST
CHARLESTON, WEST VIRGINIA 25301-2523
**Phone**: (304) 347-3350
**Fax**: (304) 347-3356
**Website**: http://wvs.fd.org

*Appellate Counsel*
**JONATHAN D. BYRNE**

*Assistant Federal Public Defenders*
**RACHEL E. ZIMAROWSKI**
**CLINT CARTE**
**EMILY L. SZOPINSKI**

21 November 2023

Nwamaka Anowi, Clerk
United States Court of Appeals
For the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:   **United States v. Randy Price**
      **4CCA Appeal No. 22-4609**
      **USDC SDWV Case No. 2:22-cr-00097**

Dear Ms. Anowi:

Pursuant to Fed. R. App. P. 28(j), Randy Price brings to the Court's attention certain court decisions issued near or after submission of respondent's brief that bear upon material issues raised in this case:

First, *Renna v. Bonta*, ___ F. Supp. 3d ___, 2023 WL 2846937 (S.D. Cal. April 3, 2023) rejected California's argument that a law does not infringe on Second Amendment rights where it still permits people to purchase other handguns. *Accord Maryland Shall Issue, Inc. v. Moore*, No. 21-2017, at 10-13 & nn.7-9 (4th Cir. Nov. 21, 2023)(even *temporary* deprivation of Second Amendment protections is a facially plausible violation). *Renna* further explains why colonial barrel proofing laws and laws regarding the safe storage of gunpowder (cited by the United States here to support serialization laws like § 922(k)) are not suitable evidence of any historical tradition of firearm regulation. *Accord United States v. Merriman*, No. 5:22-cr-1439 (S.D. Tex. Oct. 16, 2023)(finding § 922(k) facially unconstitutional; copy attached).

Similarly, the following cases have held, just as Price has asserted with respect unserialized firearms, that possession of large-capacity magazines, assault weapons, and butterfly knives is protected by the Second Amendment under *Bruen*: *See, e.g., Teter v. Lopez*, 76 F.4th 938, 948-950 (9th Cir. 2023); *Miller v. Bonta*, ___

F. Supp. 3d ___, 2023 WL 6929336 (S.D. Cal. Oct. 19, 2023); *Duncan v. Bonta*, 2023 WL 6180472 (S.D. Cal. Sept. 22, 2023).

Separately, the following cases have held with respect to 18 U.S.C. § 922(g)(1) and *Bruen*'s first step - that convicted felons are still part of "the people" enjoying Second Amendment protections: *see, e.g., United States v. Prince*, 2023 WL 7220127, *4-5 (N.D. Ill. dec. Nov. 2, 2023); *United States v. Jackson*, 2023 WL 7160921, at *5-6 (N.D. Ill. 2023); *United States v. Ford*, 2023 WL 7131742 (S.D.N.Y. 2023); *United States v. Brooks*, 2023 WL 6880419 (E.D. Ky. 2023); *United States v. Coleman*, 2023 WL 6690935, at *5-6 (E.D. Va. 2023); *United States v. Johnson*, 2023 WL 6690388, at *3 (N.D. Ill. 2023); *United States v. Levasseur*, 2023 WL 6623165, at *2-3 (D. Me. 2023); *United States v. White*, 2023 WL 6066201, at *4 (S.D.N.Y. 2023); *United States v. Johnson*, 2023 WL 6049529, at *4-5 (W.D. Okla. 2023); *United States v. Gates*, 2023 WL 5748362 (N.D. Ill. 2023); *United States v. Lane*, 2023 WL 5614798, at *2 (D. Vt. 2023); *United States v. Nordvold*, 2023 WL 5596623, at *4 (D.S.D. 2023); *United States v. Quailes*, 2023 WL 5401733 (M.D. Pa. 2023); *United States v. Davila*, 2023 WL 5361799, at *2 (S.D.N.Y. 2023); *United States v. Holmes*, 2023 WL 4494340 (E.D. Mich. 2023); *United States v. Bullock*, 2023 WL 4232309, at *20, *29 (S.D. Miss. 2023); *United States v. Hernandez*, 2023 WL 4161203, at *3-4 (N.D. Tex. 2023); *United States v. Ware*, 2023 WL 3568606, at *5 (S.D. Ill. 2023); *United States v. Lowry*, 2023 WL 3587309, at *3 (D.S.D. 2023); *United States v. Martin*, 2023 WL 1767161, at *2 (D. Vt. 2023); *United States v. Barber*, 2023 WL 1073667, at *5-6 (E.D. Tex. 2023); *United States v. Hester*, No. 1:22-cr-20333-RNS, ECF No. 39 (S.D. Fla. Jan. 27, 2023); *Campiti v. Garland*, 649 F. Supp. 3d 1 (D. Conn. 2023).

As other cases have with respect to addicts and users of controlled substances under 18 U.S.C. § 922(g)(3). *See, e.g., United States v. Daniels*, 77 F.4th 337, 342-343 (5th Cir. 2023); *United States v. Okello*, 2023 WL 5515828, at *3 (D.S.D. 2023); *United States v. Espinoza-Melgar*, 2023 WL 5279654, at *3 (D. Utah 2023); *United States v. Wuchter*, 2023 WL 4999862, at *2 (N.D. Iowa 2023); *United States v. Springer*, 2023 WL 4981583, at *2 (N.D. Iowa 2023); *United States v. Alston*, 2023 WL 4758734, at *6 (E.D.N.C. 2023); *United States v. Lewis*, 2023 WL 4604563 (S.D. Ala. 2023); *United States v. Connelly*, 2023 WL 2806324 (W. D. Tex. 2023); *United States v. Harrison*, 2023 WL 1771138, at *8-9 (W.D. Okla. 2023); *United States v. Lewis*, 2023 WL 187582, at *2 (W.D. Okla. 2023).

And with respect to persons subject to domestic violence protection orders, and domestic violence misdemeanants under 18 U.S.C. §§ 922(g)(8) & (9). *See, e.g., United States v. Lewis*, 2023 WL 6066260, at *4 (S.D.N.Y. 2023); *United States v. Springer*, 2023 WL 4981583, at *2 (N.D. Iowa 2023); *United States v. Brown*, 2023 WL 4826846, at *5-6 (D. Utah 2023); *United States v. Guthery*, 2023 WL 2696824 (E.D. Cal. 2023); *United States v. Silvers*, 2023 WL 3232605 (W.D. Ky. 2023); *United States v. Combs*, 2023 WL 1466614, at *3 (E.D. Ky. 2023); *United States v. Ryno*, 2023 WL 3736420, at *12-14 (D. Alaska 2023.

And, finally, with respect to indicted, but not convicted, individuals under 18 U.S.C. § 922(n). *See, e.g., United States v. Gore*, 2023 WL 2141032, at *2 (S.D. Ohio 2023); *United States v. Rowson*, 2023 WL 431037, at *15-19 (S.D.N.Y. 2023); *United States v. Hicks*, 2023 WL 164170 (W.D. Tex. 2023); *United States v. Reaves*, No. 4:22-cr-224-HEA, ECF No. 55 at 16 (E.D. Mo. Jan. 9, 2023.

A growing number of courts recognize that the inquiry under *Bruen*'s first step is a narrow one. They have held that citizens charged with a crime, even a crime based on prior criminal conduct, easily fall within the ambit of the Second Amendment.

Finally, the following cases have separately recognized that *Bruen*'s second step employs alternate analytical standards for evaluating relevant national traditions of firearm regulation – distinctly similar and relevantly similar historical analogues - depending on whether a given modern firearm regulation is directed at a societal problem that existed in 1791 or an entirely new societal problem that was unimaginable at the time of the Founding. *See e.g. Baird v. Bonta*, 81 F.4th 1036, 1040-1041, 1043 & 1046-1047 (9th Cir. 2023); *United States v. Daniels*, 77 F.4th 337, 343 (5th Cir. 2023); *Teter v. Lopez*, 76 F.4th 938, (9th Cir. 2023); *Atkinson v. Garland*, 70 F.4th 1018, 1020-1021 (7th Cir. 2023); *Range v. Att'y Gen.*, 69 F.4th 96, 103-105 (3d Cir. 2023); *United States v. Drake*, No. 1:23-CR-21-HAB, 2023 WL 8004876, at *5 (N.D. Ind. Nov. 16, 2023); *United States v. Prince*, No. 22 CR 240, 2023 WL 7220127, at *2 (N.D. Ill. Nov. 2, 2023); *United States v. Ford*, No. 23 CRIM. 107 (LGS), 2023 WL 7131742, at *1 (S.D.N.Y. Oct. 30, 2023); *United States v. Coleman*, No. 3:22CR87 (DJN), 2023 WL 6690935, at *12 (E.D. Va. Oct. 12, 2023); *United States v. Johnson*, No. 18 CR 00458, 2023 WL 6690388, at *2 (N.D. Ill. Oct. 12, 2023); *United States v. Watson*, No. 23-CR-109, 2023 WL 6623774 (E.D. Wis. Oct. 11, 2023); *United States v. Jenkins*, No. CR 23-088, ___ F. Supp. 3d ___, 2023 WL 6534200, at *3 (E.D. Pa. Oct. 6, 2023); *United States v. Patton*, No. 4:21-CR-3084, 2023 WL 6230413, at *3 (D. Neb. Sept. 26, 2023); *United States v. Green*, No. CR 22-387, 2023 WL 6164407, at *2 (E.D. Pa. Sept. 21, 2023); *United States v. Reichenbach*, No. 4:22-CR-00057, 2023 WL 5916467, at *4 (M.D. Pa. Sept. 11, 2023); *United States v. Quailes*, No. 1:21-CR-0176, 2023 WL 5401733 (M.D. Pa. Aug. 22, 2023); *United States v. Davila*, No. 23-CR-292 (JSR), 2023 WL 5361799, at *1 (S.D.N.Y. Aug. 22, 2023); *United States v. Marique*, No. CR 22-00467-PJM, 2023 WL 5338069 (D. Md. Aug. 18, 2023); *McCloskey v. United States*, No. 4:18-CR-260-1, 2023 WL 5095701, at *1 (S.D. Ga. Aug. 9, 2023); *Wolford v. Lopez*, No. CV 23-00265 LEK-WRP, 2023 WL 5043805, at *25 (D. Haw. Aug. 8, 2023); *United States v. Schnur*, No. 1:23-CR-65-LG-BWR-1, 2023 WL 4881383, at *7 (S.D. Miss. July 31, 2023); *United States v. Brown*, No. 222CR00239JNPCMR, 2023 WL 4826846, at *7-8 (D. Utah July 27, 2023); *United States v. Melendrez-Machado*, No. EP-22-CR-00634-FM, 2023 WL 4003508, at *4 (W.D. Tex. June 14, 2023); *United States v. Endsley*, No. 321CR00058TMBMMS, 2023 WL 7354020 (D. Alaska June 5, 2023); *Koons v. Platkin*, No. CV 22-7463 (RMB/AMD), 2023 WL 3478604, at *82

(D.N.J. May 16, 2023); *Fraser v. ATF*, No. 3:22-CV-410, 2023 WL 3355339, at *21 (E.D. Va. May 10, 2023); *Worth v. Harrington*, No. 21-CV-1348 (KMM/LIB), 2023 WL 2745673 (D. Minn. Mar. 31, 2023); *United States v. Harrison*, No. CR-22-00328-PRW, 2023 WL 1771138, at *6 (W.D. Okla. Feb. 3, 2023); *United States v. Lewis*, No. CR-22-368-F, 2023 WL 187582, at *3 (W.D. Okla. Jan. 13, 2023); *United States v. Robertson*, No. 22-PO-867-GLS, 2023 WL 131051, at *2, *6 n.4 (D. Md. Jan. 9, 2023).

Sincerely,

Lex A. Coleman
Senior Litigator, AFPD

cc. William A. Glasner, Esq., USDOJ Crim. Div, App. Sect.