

**U.S. Department of Justice**

Criminal Division

_Appellate Section_                    _Washington, D.C. 20530_

November 27, 2023


Hon. Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:    _United States v. Randy Price_, No. 22-4609
              Oral argument set for December 6, 2023

Dear Ms. Anowi:

      The United States hereby responds to Defendant Randy Price's Rule 28(j) letter dated November 21, 2023. This is a government appeal from an order holding that 18 U.S.C. § 922(k)'s prohibition on possession of a firearm with an obliterated serial number violates the Second Amendment.

      Price's letter cites only one case involving § 922(k)'s constitutionality: _United States v. Merriman_, No. 5:22-CR-1439 (S.D. Tex.). In _Merriman_, a magistrate judge issued a report and recommendation concluding that § 922(k) violates the Second Amendment. _Merriman_, Doc. 46 (Oct. 16, 2023). The district court did not adopt that report and recommendation but stayed proceedings pending the Supreme Court's decision in _United States v. Rahimi_, No. 22-915 (cert. granted June 30, 2023). _Merriman_, Doc. 51 (Nov. 17, 2023).

      The report and recommendation in _Merriman_ is, like the decision below, an outlier. Aside from the district court in this case, every court to consider the question has held that § 922(k) complies with the Second Amendment. _See, e.g._, _United States v. Dixson_, No. 21-CR-53, 2023 WL 7102115, at *2-3 (E.D. Mo. Oct. 26, 2023); _United States v. Dangleben_, No. 23-CR-44, 2023 WL 6441977, at *4-9 (D.V.I. Oct. 3, 2023); _United States v. Patton_, No. 21-CR-3084, 2023 WL 6230413, at *1 (D. Neb. Sep. 26, 2023) (citing additional cases). As the Sixth

Circuit has observed, "the weight of persuasive authority suggests that § 922(k) is constitutional." *United States v. Ramadan*, No. 22-1243, 2023 WL 6634293, at *3 (6th Cir. Oct. 12, 2023) (unpublished).

The dozens of other cases that Price cites in his letter (which far exceeds Rule 28(j)'s 350-word limit) have little bearing on this case. Those cases involve different firearm statutes, and none is binding on this Court. Moreover, the cases applying a two-tiered "relevantly similar" versus "distinctly similar" approach (Letter 3-4) appear to conflict with this Court's recent decision in *Maryland Shall Issue, Inc. v. Moore*, --- F.4th ---, 2023 WL 8043827, at *6-7 (4th Cir. Nov. 21, 2023), which applied the "relevantly similar" standard without first inquiring whether the societal problem addressed had existed since the founding.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave., N.W., Ste. 1264
Washington, DC 20530
(202) 532-4495
William.Glaser@usdoj.gov