# FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF WEST VIRGINIA

*Federal Public Defender*
**WESLEY P. PAGE**

*First Assistant Federal Public Defender*
**DAVID R. BUNGARD**

*Senior Litigator*
**LEX A. COLEMAN**

**ROOM 3400, UNITED STATES COURTHOUSE**
**300 VIRGINIA STREET, EAST**
**CHARLESTON, WEST VIRGINIA 25301-2523**
*Phone*: **(304) 347-3350**
*Fax*: **(304) 347-3356**
*Website*: **http://wvs.fd.org**

*Appellate Counsel*
**JONATHAN D. BYRNE**

*Assistant Federal Public Defenders*
**RACHEL E. ZIMAROWSKI**
**CLINT CARTE**
**EMILY L. SZOPINSKI**

28 November 2023

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:    *United States v. Randy Price*, No. 22-4609
       <u>(Oral argument set for December 6, 2023)</u>
       USDC SDWV Case No. 2:22-cr-00097

Dear Ms. Anowi:

The following constitutes Randy Price's Rule 28(j) reply:

The United States' dismissively claims that the "dozens" of cases previously provided to the Court do not apply to Price's appeal. This is not true. Nor is it true that *Maryland Shall Issue* rejected *Bruen*'s distinctly similar second-step standard regarding Maryland's firearm purchasing scheme. Maryland literally provided <u>no</u> evidence of <u>any</u> historical analogues supporting the contested regulations. In that context, the *Maryland Shall Issue* majority simply held even under the more deferential relevantly similar standard – the Maryland legislation still failed.

*Maryland Shall Issue* did not acknowledge, much less consider, the argument Price makes here: that *Bruen* establishes different historical standards—"distinctly similar" and "relevantly similar"—that apply depending on what kind of problem a regulation addresses. As a result, *Maryland Shall Issue* necessarily did not decide whether that argument is correct, and the opinion does not prevent this panel from recognizing the distinction between those two standards. *See United States v. Norman*, 935 F.3d 232, 240-41 (4th Cir. 2019) ("Since we have never squarely addressed the issue, and have at most assumed it, we are free to address the issue on the merits. . . . Courts often decide particular legal issues while assuming

without deciding the validity of antecedent propositions, and such assumptions ... are not binding in future cases that directly raise the questions.").

What the *Maryland Shall Issue* majority <u>did</u> expressly reject was the dissent's assertion that Second Amendment rights are only "infringed" (under *Bruen*'s step-one) where the government wholly bans an individual from possessing <u>any</u> firearms. *See Maryland Shall Issue, Inc. v. Moore*, ___ F.4th ___, at 5 & n.8. This is also the United States' position in Mr. Price's case. The binding ruling from *Maryland Shall Issue* must be that "Second Amendment scrutiny is not exclusively reserved for laws that wholly ... prohibit firearm possession." *Ibid.* "So the temporary deprivation that Plaintiffs allege is a facially plausible Second Amendment violation." *Ibid.*

Otherwise, *Price* and *Merriman* are hardly outliers where they are substantively correct. *See District of Columbia v. Heller*, 554 U.S.570, at 624, n.24.

Sincerely,

Lex A. Coleman
Senior Litigator, AFPD

cc. William A. Glasner, Esq., USDOJ, App. Div.