IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    Plaintiff–Appellant

v.

RANDY PRICE,
    Defendant–Appellee.

No. 22-4609

**GOVERNMENT'S UNOPPOSED MOTION TO RESCHEDULE
EN BANC ARGUMENT**

    The United States respectfully moves to reschedule the en banc oral argument set for Wednesday, March 20, 2024, to Thursday, March 21, 2024. The reasons for this request are as follows:

    1. This is a government appeal from a district court order holding that 18 U.S.C. § 922(k)'s prohibition on the possession of firearms with obliterated serial numbers violates the Second Amendment. After a panel of this Court held oral argument on December 6, 2023, this Court *sua sponte* granted rehearing en banc on January 12, 2024. The Court also granted rehearing en banc in two other Second Amendment cases: *Bianchi v. Brown*, No. 21-1255, and *Maryland Shall Issue, Inc. v. Moore*, No. 21-2017. The Court scheduled en

banc arguments in this case and *Bianchi* for March 20, 2024, and it scheduled argument in *Maryland Shall Issue* for March 21, 2024.

      2. As explained in the government's notice regarding proposed argument dates, undersigned counsel is scheduled to present oral argument in Denver, Colorado, on March 19, 2024, in *United States v. Barragan-Gutierrez*, No. 23-8032 (10th Cir.). That case presents several questions relating to the Second Amendment and the application on collateral review of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Undersigned counsel has developed considerable expertise on those areas, and it would take some time for another government attorney to get up to speed.

      3. As government counsel explained to this Court's calendar clerk over the phone, it is logistically possible to travel from Denver to Richmond for arguments on back-to-back days, but that schedule leaves little margin for error if flights are delayed. Therefore, rescheduling argument in this case for March 21, 2024, would allow government counsel to argue both cases with reduced risk of travel complications.

      4. Additionally, based on the overlapping issues, it would likely make more sense to hear argument in this case on the same day as *Maryland Shall Issue*. One of the government's arguments in this case is that 18 U.S.C. § 922(k) does not "infringe" the Second Amendment right because it does not

prevent any law-abiding citizen from possessing a firearm for self-defense. As the government conceded at oral argument before the panel, that argument was likely foreclosed by the now-vacated panel decision in *Maryland Shall Issue*. *See Maryland Shall Issue v. Moore*, 86 F.4th 1038, 1045-46 nn.8-9 (4th Cir. 2023), *vacated*, 2024 WL 124290 (4th Cir. 2024). Thus, both this case and *Maryland Shall Issue* present the overlapping issue of whether restrictions on firearm possession that stop well short of disarming law-abiding citizens "infringe" the right to bear arms.

5. Although there are superficial similarities, the issues presented in this case do not substantially overlap with those in *Bianchi*, which involves Maryland's ban on assault weapons. Unlike Maryland in *Bianchi*, the government here has not argued that firearms with obliterated serial numbers are particularly dangerous in their function and has not relied on this Court's prior decision in *Kolbe v. Hogan*, 813 F.3d 160 (4th Cir. 2016).

6. The government recognizes that rescheduling the en banc argument in this case to March 21 would (if scheduled for the morning) delay the panel arguments scheduled to occur after the en banc session. And the government apologizes for any inconvenience occasioned by this request. But rescheduling the argument would (a) allow undersigned counsel to present the Tenth Circuit

3

argument without undue travel concerns and (b) allow this Court to hear en banc arguments in the two cases with overlapping issues on the same day.

7. Lex Coleman, counsel for Defendant–Appellee, has indicated that he does not object to this request.

Wherefore, the United States respectfully requests that the Court reschedule the en banc oral argument set for Wednesday, March 20, 2024, to Thursday, March 21, 2024.

Respectfully submitted,

s/William A. Glaser
WILLIAM A. GLASER
Attorney, Appellate Section
Criminal Division
U.S. Department of Justice
950 Pennsylvania Ave, NW, St. 1264
Washington, D.C. 20530
(202) 532-4495
William.Glaser@usdoj.gov

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 640 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Calisto MT 14-point type.

s/William A. Glaser<br>
WILLIAM A. GLASER