

U.S. Department of Justice

Criminal Division

Appellate Section					Washington, D.C. 20530

March 22, 2024

Hon. Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell Jr. Courthouse
1100 East Main Street, Suite 501
Richmond, VA 23219

      Re:   *United States v. Randy Price*, No. 22-4609
              En banc argument held March 20, 2024

Dear Ms. Anowi:

     The United States respectfully submits this letter in response to questions from Judge Richardson at oral argument.

     In its opening brief at 17-18, the government cited a study regarding Boston youth offenders and firearms to support its argument that firearms with obliterated serial numbers are not typically possessed by law-abiding citizens for lawful purposes. *See* David M. Kennedy, et al., *Youth Violence In Boston: Gun Markets, Serious Youth Offenders, And a Use-Reduction Strategy*, 59 Law & Contemp. Probs. 147, 174-175 (Wint. 1996). As Judge Richardson observed, this study found that, for youth offenders, firearms associated with "simple possession" charges were more likely to have obliterated serial numbers (21.8% of 1186 firearms) than firearms associated with "substantive crimes" (13.4% of 269 firearms). *Id.* at 175, 196.

     This finding does not undermine the government's argument. Even assuming *arguendo* that those charged with "simple possession" crimes are a subset of all law-abiding gun owners, the study provides no basis to conclude they are representative of that larger group. Thus, statistics about the subset cannot be extrapolated to the larger gun-owning public.

Furthermore, there is no reason to assume that those charged with "simple possession" crimes are a subset of law-abiding gun owners. If "simple possession" referred solely to possession of firearms *with obliterated serial numbers*, then treating those offenders as not "law-abiding" might raise a circularity problem. But "simple possession" crimes include possession by other categories of prohibited persons, such as felons and those under 21. *See* Mass. Gen. Laws ch. 140, § 131(d)(i), (iv); ch. 269, § 10(a). Indeed, Massachusetts law does not directly proscribe "possession" of firearms with obliterated serial numbers. *See* Mass. Gen. Laws ch. 269, § 11C.

In sum, the fact that obliterated firearms were more common in one type of crime (possession by prohibited persons) than in other crimes does not show that such firearms are typically possessed by law-abiding citizens for lawful purposes.

Government counsel is in communication with the ATF about the apparent discrepancy that Judge Richardson identified in the ATF report and will update the Court with any explanation.

        Respectfully submitted,

        s/William A. Glaser
        WILLIAM A. GLASER
        Attorney, Appellate Section
        Criminal Division
        U.S. Department of Justice
        950 Pennsylvania Ave., N.W., Ste. 1264
        Washington, DC 20530
        (202) 532-4495
        William.Glaser@usdoj.gov