# FEDERAL PUBLIC DEFENDER
## SOUTHERN DISTRICT OF WEST VIRGINIA

*Federal Public Defender*
**WESLEY P. PAGE**

*First Assistant Federal Public Defender*
**DAVID R. BUNGARD**

*Senior Litigator*
**LEX A. COLEMAN**

ROOM 3400, UNITED STATES COURTHOUSE
300 VIRGINIA STREET, EAST
CHARLESTON, WEST VIRGINIA  25301-2523
*Phone*:  (304) 347-3350
*Fax*:  (304) 347-3356
*Website*:  http://wvs.fd.org

*Appellate Counsel*
**JONATHAN D. BYRNE**

*Assistant Federal Public Defenders*
**RACHEL E. ZIMAROWSKI**
**CLINT CARTE**
**EMILY L. SZOPINSKI**
**CHRISTOPHER W. MAIDONA**

25 April 2024

Nwamaka Anowi, Clerk
United States Court of Appeals
For the Fourth Circuit
Lewis F. Powell Jr. Courthouse & Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

Re:     **United States v. Randy Price**
        **4CCA Appeal No. 22-4609**
        **USDC SDWV Case No. 2:22-cr-00097**

Dear Ms. Anowi:

      The ATF data correction provided by the government's latest 28(j) letter merely underscores the unreliability of ATF's data reporting as a whole. The corrected data also does not really address Judge Richardson's point – which is that the impact of Section 922(k)'s possession prohibition could be much greater than just on 2.5% of crime guns mentioned by the report. Again, extrapolating *just* the crime gun data percentage to the 2023 annual firearm sales number noted in Price's supplemental briefing supports Judge Richardson's observations. This is not consistent with the United States' assertion, that obliterated firearms (including altered or partial serial numbers) are not "in common use" for lawful purposes - which the government further ties to inferring Section 922(k)'s burden on possession is not large enough to warrant Second Amendment protection or the application of *Bruen'*s step two.

      Besides not being supported by ATF's own data, the government's positions are simply means end scrutiny dressed up in new clothes. They still constitute veiled interest balancing – which has been expressly prohibited by *Bruen*. The government's supplemental brief asserts "[t]he percentage of defaced firearms is undoubtedly far lower among guns possessed by law-abiding citizens." The government, however, offers no support for that assertion and it certainly is not addressed by any ATF data. The evidence-free claim is therefore insufficient to carry the government's burden

under *Bruen*'s step two. And if *at least* 2.5 % of all guns nationwide have obliterated or altered serial numbers – that must still count as "in common use." *See Caetano v. Massachusetts*, 577 U.S. 411, 416-422, 136 S. Ct. 1027, 1030-1033 (Alito, concurring).

Sincerely,

Lex A. Coleman
Senior Litigator, AFPD

cc. William A. Glasner, Esq., USDOJ Crim. Div, App. Sect.